JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ACQUIANA FERGUSON

**DEFENDANTS**

DAWN FOOD PRODUCTS, INC.

(b) County of Residence of First Listed Plaintiff   YORK
    *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   YORK
    *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

JOSEPH C. KORSAK, ESQ.; 34 N.QUEEN ST, YORK, PA 17403

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII

Brief description of cause:
DISCRIMINATION IN EMPLOYMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 2/18/2021 | Joseph C. Korsak   Digitally signed by Joseph C. Korsak Date: 2021.02.18 13:06:43 -08'00' |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AQUIANA C. FERGUSON            Civil Action No.
PLAINTIFF,

v.                             JUDGE

DAWN FOOD PRODUCTS, INC.
DEFENDANT.                    JURY TRIAL DEMANDED

## NOTICE OF LAWSUIT AND REQUEST
## FOR WAIVER OF SERVICE OF SUMMONS

TO:  DEFENDANT

A lawsuit has been commenced against you.  A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number for this case is

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff this 18th day of February, 2021.

By: _____

Joseph C. Korsak, Esquire
34 N. QUEEN St.
York, Pa.  17403
717-880-3759
PA # 22233

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AQUIANA C. FERGUSON                    Civil Action No.
PLAINTIFF,

v.                                     JUDGE

DAWN FOOD PRODUCTS, INC.
DEFENDANT.                             JURY TRIAL DEMANDED

### WAIVER OF SERVICE OF SUMMONS

TO:   Joseph C. Korsak, Esquire
      Attorney for Plaintiff
      34 N. Queen St.
      York, Pa  17403

I acknowledge receipt of your request that I waive service of a summons in the above action, which  is case number
in the United States District Court for the Middle District.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within sixty (60) days after

_____or within ninety (90) days after that date if the request was sent outside the United States.

Date:_____          By:    _____
                                        DAWN FOOD PRODUCTS, INC.

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

AQUIANA C. FERGUSON                     Civil Action No.
PLAINTIFF,

v.                                       JUDGE

DAWN FOOD PRODUCTS, INC.
DEFENDANT.                               JURY TRIAL DEMANDED


## COMPLAINT

### I. Introduction

Plaintiff, ("Plaintiff"), brings this action under Title VII of the Civil Rights
Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, the
Civil Rights Act of 1991,the Americans with Disabilities Act, and the
Pennsylvania Human Relations Act, 43 P.S. § 951. Plaintiff seeks injunctive and
declaratory relief, back pay, rehire, or alternatively front pay, compensatory and
punitive damages and costs and attorney's fees from Defendant ("Defendant") to
compensate her for Defendant's unlawful failure to accommodate her reasonable
requests due to her disability.

### II. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to Title VII of the Civil
Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color,
gender, religion, national origin),  28 U.S.C. §§ 2201, 2202, 1331(a), 1343 and 42
U.S.C. § 2000e-5(f). The above described remedies are sought pursuant to 42
U.S.C. §§ 2000e-5, 1981a, and 1988, and 28 U.S.C. §§ 2201, 2202, 1331(a) and
1343. Also, under the Americans with Disabilities Act of 1990, as codified, 42
U.S.C. §§ 12112 to 12117. Also, under Retaliation 42 U.S.C. § 12203(a) 29 C.F.R.

Part 1640, 42 U.S.C. § 1988 - Proceedings in vindication of civil rights, 42 U.S.C. § 12112- Discrimination, 42 U.S.C. § 1981 - Equal rights under the law, Sec. 1977A Damages in Cases of Intentional Discrimination in Employment [42 U.S.C. § 1981a], and the Civil Rights Act of 1991.

2. Plaintiff has complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. § 2000e-5 and the Pennsylvania Human Relations Act.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Defendant maintains its principal office for the administration of all business at 3701 Concord Rd., York, Pa. 17402. Furthermore, alleged unlawful acts and practices of the Defendant were committed within or upon the direction of Defendant's agents within York County, in the Commonwealth of Pennsylvania.

## III. Parties

5. Plaintiff is a female citizen of the Commonwealth of Pennsylvania who resides at 419 S. Pine St., 1st floor, York, PA 17403.

6. Defendant is a believed to be a Pennsylvania corporation with one of its principal offices in York, Pennsylvania, and with facilities located throughout the Commonwealth of Pennsylvania.

7. Defendant is engaged in the business of baking products for the bakery industry. Defendant employs in excess of 500 employees.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), within the meaning of the Pennsylvania Human Relations Act, and the Americans with Disabilities Act.

## IV. Factual Background

9. Defendant hired Plaintiff on January 3, 2012, as a finisher.

10. Defendant was discriminated against from the start of her employ.

11. Plaintiff observed that other white employees were rotated through various

positions, where Plaintiff was not.

12. Plaintiff requested that she receive training to do other jobs but was continually denied. Plaintiff was only allowed to dump cakes out of pans and to pack them.

13. White workers were given training.

14. Up until Plaintiff was constructively discharged, she simply performed the same work that she started with years earlier.

15. One of the supervisors, Missy Horner, would repeatedly follow me to the restroom, something not done to other employees.

16. On May 19. 2016, Plaintiff made a race based and harassment based complaint to the company human resources representatives. The company did not do anything with the complaint.

17. Nothing was done by management to address the issues raised. Human Relations shut her out.

18. Around January, 2016, Plaintiff revealed that she has a disability, to wit, Hidradenitis Suppurativa.

19. Around August 2017, because of increased stress on the job which worsened her condition, Plaintiff requested intermittent leave as a reasonable accommodation.

20. In August, 2017, Plaintiff was repreimabnded for using her FMLA leave.

21. Around October 2017, Plaintiff was disciplined for wearing her uniform while on lunch break.

22. Around November 2017, Plaintiff was disciplined for allegedly taking too much time off for her medical problems.

23. My last day of work was November 7, 2017, when I resigned because of the intolerable work conditions.

24. For the five years Plaintiff was employed, Supervisor Horner referred to me as Olympia. There was another employee so named, but Horner insisted on calling her Acquiana. Superviser Horner appeared to think that all people of color look alike.

## V. Claims

### First Count  RACE

23. Paragraphs 1 through 22 are incorporated by reference herein.

24. The acts, failures to act, practices and policies of Defendant set forth above, to wit, failure to train, failure to advance, failure to rotate, and unequal discipline and treatment, constitute intentional discrimination on the basis of Plaintiff's race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

### Second Count  DISABILITY

25. Paragraphs 1 through 24 are incorporated by reference herein.

26. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation against Plaintiff because of her disability.

### Third Count  RACE AND DISABILITY

27. Paragraphs 1 through 26  are incorporated by reference herein.

28. The acts, failures to act, practices and policies of Defendant set forth above violate the Pennsylvania Human Relations Act. 43 P.S. § 955.

### Fourth Count   CONSTRUCTIVE DISCHARGE

29. Paragraphs 1through 28 above are incorporated by reference.

30.  The Defendant and its agents created a work atmosphere which would be intolerable to a person of ordinary and reasonable sensibilities.

31. The Defendant constructively discharged Plaintiff.

### VI. Relief

32.  For each of the above claims, Plaintiff respectfully requests that this Court grant judgment in her favor against Defendant and award her relief including but not limited to the following:

A. Injunctive relief directing Defendant to rehire Plaintiff immediately, with full pay, status and privileges accompanying the position;

B. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she remained an employee;

C. Front pay in the event that it is determined that rehire is impossible or inappropriate;

D. Compensatory damages including reimbursement of all expenses and financial losses Plaintiff incurred as a result of Defendant's actions and compensation for emotional pain and suffering;

E. Punitive damages in the amount of $300,000;

F. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

G. Reasonable attorney's fees plus costs;

H. Such other relief as this Court shall deem appropriate.


Respectfully submitted,


Date: 2/18/21                    By: _____
                                 Joseph C. Korsak, Esquire
                                 34 N. Queen Street
                                 York, Pa 17403
                                 I.D. No. 22233